UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| ELIE HARFOUCHE, | ) | |
| | ) | |
| Plaintiff(s), | ) | 2:13-cv-00615-LDG-NJK |
| | ) | |
| vs. | ) | |
| | ) | |
| HAFIA WEHBE, et al., | ) | **ORDER** |
| | ) | |
| Defendant(s). | ) | |

Before the Court is the Defendant Hafia Wehbe's Motion to Quash Service of Process and to Dismiss for Insufficient Service of Process (Docket No. 39). The Court has considered Defendant's Motion (Docket No. 39), Plaintiff's Response and Cross Motion for Order that Service of Process was Proper (Docket No. 41), and Defendant's Reply (Docket No. 42). The Court finds Defendant's motion and Plaintiff's cross motion are appropriately resolved without oral argument. *See* Local Rule 78-2.

**I.  BACKGROUND**

On October 8, 2010, prior to filing the instant case, Plaintiff Elie Harfouch ("Plaintiff") filed a case that was similar or identical[1] to the instant action in the United States District Court for the District of New Jersey (the "New Jersey Action"). Docket Nos. 39, at 3, and 41, at 3. On June 19, 2013, the District Court in the New Jersey Action dismissed the case for lack of personal jurisdiction. *Id*.

. . .

---

[1] Defendant Hafia Wehbe ("Defendant") asserts that the New Jersey case was "identical." Docket No. 39, at 1. Plaintiff contends that the New Jersey case was "similar." Docket No. 41, at 3.

On April 10, 2013, Plaintiff filed the instant action alleging breach of contract, among other claims. Docket No. 1. On June 25, 2013, after the New Jersey Action was dismissed, Plaintiff's counsel contacted Defendant's counsel and requested that Defendant waive service for this action. Docket No. 41-1. Defendant's counsel declined and indicated that he was not authorized to accept service on behalf of his client. *Id*.

On July 30, 2013, Plaintiff's counsel sought a certified copy of the summons and complaint in this action from the Court. See Docket No. 41, at 4. Thereafter, counsel forwarded the certified copies vis Federal Express to the Lebanese Consulate in Los Angeles, California, for the purpose of serving Defendant in Lebanon. *Id*. The Lebanese Consulate then returned the certified copies to Plaintiff's counsel's office and, according to Plaintiff, instructed Plaintiff that the pleadings must instead be forwarded to the U.S. Embassy in Lebanon to complete service of process upon Lebanese citizens. *Id*., at 5. Plaintiff has not provided the Court with a copy of the letter instructing Plaintiff to serve Defendant through the U.S. Embassy in Lebanon. On August 26, 2013, Plaintiff sent certified copies of the pleadings via Federal Express to the U.S. Embassy in Awkar, Lebanon. *Id*. To date, Plaintiff has not received an affidavit of service or confirmation of service upon Defendant from the U.S. Embassy in Lebanon. *Id*.

On December 4, 2013, Plaintiff's counsel mailed a copy of the summons and complaint to Defendant at her address in Beirut, Lebanon. *Id*. The documents were received and signed for on December 9, 2013. Docket No. 41-4.

On December 20, 2013, Defendant's counsel sent a letter to Plaintiff's counsel and informed her that the purported service was improper because the pleadings were not sent to Defendant by the Clerk of the Court. Docket No. 39, at 8. Defendant represents Plaintiff's counsel never responded to that letter. *Id*., at 3.

On January 16, 2014, Defendant filed the instant motion requesting that the Court quash service of process and dismiss Plaintiff's Complaint for insufficiency of service of process. Docket No. 39. In response, Plaintiff filed a cross motion requesting that the Court declare service upon Defendant proper or, alternatively, appointing Defendant's counsel as agent of process. Docket No. 41.

## II. DISCUSSION

### A. Whether Service Was Proper

Defendant challenges the validity of the actual method or manner of service of process. A Rule 12(b)(5) motion is the proper vehicle for challenging the "insufficiency of service of process." See Fed. R. Civ. Pro. 12(b)(5). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Objections to the validity of service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements for proper service. *See O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1400 (7th Cir. 1993). Once service of process is properly challenged, "the party on whose behalf [service] is made must bear the burden of establishing its validity." *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *see Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004). While the court should give the service requirements of Rule 4 a liberal and flexible construction, a district court also has broad discretion to either dismiss an action entirely for failure to effect service or to quash the defective service and permit re-service. *See Jones v. Automobile Club of Southern California*, 26 Fed.Appx. 740, 742 (9th Cir. 2002); *see also e.g., SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) *citing Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976) ("the choice between dismissal and quashing service of process is in the district court's discretion.").

In this case, Plaintiff made three attempts to effectuate service. First, Plaintiff requested that Defendant waive service. Docket No. 41, at 4. However, because Defendant is not located within the United States, she was not required to do so. *See* Fed.R.Civ.P. 4(d)(2). Next, Plaintiff attempted service through the Lebanese Embassy and the U.S. Embassy in Lebanon. Docket No. 41, at 4. Neither Embassy, however, appears to have effectuated service. *Id.* Finally, Plaintiff sent copies of the summons and complaint directly to Defendant via Federal Express. *Id.* Defendant appears to have received those documents and, additionally, has notified her counsel who has made an appearance in this case.

Defendant is located in a foreign country, Lebanon, and, therefore, proper service should be

1 **II.** **DISCUSSION**

2     **A.** **Whether Service Was Proper**

Defendant challenges the validity of the actual method or manner of service of process. A Rule 12(b)(5) motion is the proper vehicle for challenging the "insufficiency of service of process." See Fed. R. Civ. Pro. 12(b)(5). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Objections to the validity of service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements for proper service. *See O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1400 (7th Cir. 1993). Once service of process is properly challenged, "the party on whose behalf [service] is made must bear the burden of establishing its validity." *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *see Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004). While the court should give the service requirements of Rule 4 a liberal and flexible construction, a district court also has broad discretion to either dismiss an action entirely for failure to effect service or to quash the defective service and permit re-service. *See Jones v. Automobile Club of Southern California*, 26 Fed.Appx. 740, 742 (9th Cir. 2002); *see also e.g., SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) *citing Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976) ("the choice between dismissal and quashing service of process is in the district court's discretion.").

In this case, Plaintiff made three attempts to effectuate service. First, Plaintiff requested that Defendant waive service. Docket No. 41, at 4. However, because Defendant is not located within the United States, she was not required to do so. *See* Fed.R.Civ.P. 4(d)(2). Next, Plaintiff attempted service through the Lebanese Embassy and the U.S. Embassy in Lebanon. Docket No. 41, at 4. Neither Embassy, however, appears to have effectuated service. *Id.* Finally, Plaintiff sent copies of the summons and complaint directly to Defendant via Federal Express. *Id.* Defendant appears to have received those documents and, additionally, has notified her counsel who has made an appearance in this case.

Defendant is located in a foreign country, Lebanon, and, therefore, proper service should be

**II.**   **DISCUSSION**

    **A.**   **Whether Service Was Proper**

Defendant challenges the validity of the actual method or manner of service of process. A Rule 12(b)(5) motion is the proper vehicle for challenging the "insufficiency of service of process." See Fed. R. Civ. Pro. 12(b)(5). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Objections to the validity of service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements for proper service. *See O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1400 (7th Cir. 1993). Once service of process is properly challenged, "the party on whose behalf [service] is made must bear the burden of establishing its validity." *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *see Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004). While the court should give the service requirements of Rule 4 a liberal and flexible construction, a district court also has broad discretion to either dismiss an action entirely for failure to effect service or to quash the defective service and permit re-service. *See Jones v. Automobile Club of Southern California*, 26 Fed.Appx. 740, 742 (9th Cir. 2002); *see also e.g., SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) *citing Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976) ("the choice between dismissal and quashing service of process is in the district court's discretion.").

In this case, Plaintiff made three attempts to effectuate service. First, Plaintiff requested that Defendant waive service. Docket No. 41, at 4. However, because Defendant is not located within the United States, she was not required to do so. *See* Fed.R.Civ.P. 4(d)(2). Next, Plaintiff attempted service through the Lebanese Embassy and the U.S. Embassy in Lebanon. Docket No. 41, at 4. Neither Embassy, however, appears to have effectuated service. *Id.* Finally, Plaintiff sent copies of the summons and complaint directly to Defendant via Federal Express. *Id.* Defendant appears to have received those documents and, additionally, has notified her counsel who has made an appearance in this case.

Defendant is located in a foreign country, Lebanon, and, therefore, proper service should be

in accordance with Fed.R.Civ.P. 4(f). Pursuant to Fed.R.Civ.P. 4(f), an individual in a foreign country may be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Here, Lebanon is not a signatory to the Hague Convention and, therefore, Rule 4(f)(1) does not apply. Further, this court has not issued a letter rogatory or letter of request seeking the assistance of a Lebanese tribunal and thus, Rule 4(f)(2)(B) is also inapplicable. Notice was not sent by the clerk of the court using a form of mail requiring a signed receipt and, therefore, Rule 4(f)(2)(C)(ii) is inapplicable. Finally, because Plaintiff did not obtain prior court approval before attempting service in the manner conducted, Rule 4(f)(3) is also inapplicable.

Plaintiff's counsel asserts that she attempted service in the manner prescribed in Lebanon and as directed by the Lebanon Embassy, but to date has been unable to receive confirmation that service has been effectuated. Docket No. 41, at 5. Thus, apparently attempting to comply with Rule 4(f)(2)(c), Plaintiff's counsel sent a copy of the summons and complaint directly to Defendant via Federal Express. *Id*. Directly mailing a copy of the summons and complaint, however, does not satisfy Rule 4(f)(2)(c). Additionally, while "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint" (*United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.1984)), "neither actual notice nor

- 4 -

simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements (*Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986)). Consequently, the Court finds that Plaintiff has not met his burden to demonstrate service was proper.

### B. Appropriate Remedy

As a remedy, Defendant asks the court to both quash the service that has been made on her as well as dismiss the claims against her. However, the Court finds that there is a reasonable prospect that Plaintiff will ultimately be able to serve Defendant properly. The Court will, therefore, exercise its discretion to quash service under Rule 12(b)(5) rather than dismiss the case. *See e.g. Patel-Julson v. Paul Smith Las Vegas, Inc.*, 2013 WL 1752897 (D. Nev. Apr. 23, 2013), *citing Issaquah School District No.* 411, 470 F.3d at 1293 (citation omitted). Plaintiff will be given the opportunity to cure the error in service.

Having determined to quash service, the next question is whether to extend the time to accomplish service under Rule 4(m), which provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In light of Plaintiff's numerous attempts to perfect service, the Court finds that an extension of time to effectuate service is appropriate. Plaintiff shall have until **May 13, 2014**, to effectuate proper service. Plaintiff is further advised that failure to effectuate proper service may result in a recommendation that the case against Defendant be dismissed with prejudice.

### III. CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Hafia Wehbe's Motion to Quash Service of Process and to Dismiss for Insufficient Service of Process (Docket No. 39) is **GRANTED in part and DENIED in part**. Service of the summons and complaint on Defendant Hafia Wehbe is quashed pursuant to Rule 12(b)(5).

**IT IS FURTHER ORDERED** that Plaintiff shall have until **May 13, 2014** to complete proper service of process.

1    **IT IS FURTHER ORDERED** that Plaintiff's Cross Motion for Order that Service of Process was Proper (Docket No. 41) is **DENIED**.

DATED: March 14, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge