UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ELIE HARFOUCHE,

    Plaintiff,

v.

HAIFA WEHBE, *et al.*,

    Defendant.

Case No. 2:13-cv-00615-LDG-NJK

**ORDER**

    The plaintiff, Elie Harfouche, a concert promoter, filed the instant complaint against multiple defendants, including Haifa Wehbe, a Lebanese singer and performer, alleging that Wehbe violated a contractual commitment to perform on a tour throughout the United States and Canada, including in Las Vegas. Magistrate Judge Nancy Koppe has recommended that Wehbe be dismissed from the proceedings because Harfouche had not filed proof that he had properly served Wehbe (#48). Harfouche subsequently filed proof of service (#49, #51). The Court will therefore decline to adopt the recommendation as moot. Wehbe now moves to dismiss the complaint for lack of personal jurisdiction (#52). Defendant Joseph Rahi also moves to dismiss the complaint, arguing that the claims against him are barred by a statute of limitations (#56). Harfouche did not oppose Rahi's motion, but did oppose Wehbe's motion (#54). Rahi's motion to dismiss will therefore be

granted. However, because the complaint sufficiently alleges that Wehbe agreed to perform in Nevada, the Court will deny the motion to dismiss.

Motion to Dismiss

The defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(2), provides that a court may dismiss a complaint for lack of personal jurisdiction. Nevada's long-arm statute allows jurisdiction in Nevada courts "over a party to a civil action on any basis not inconsistent with the constitution of this state or the Constitution of the United States." NRS 14.065(1); *Graziose v. American Home Products Corp.*, 161 F. Supp.2d 1149, 1152 (D. Nev. 2001). The statute has been "liberally construed to reach the outer limits of federal Constitutional Due Process." *Id.* "A court may exercise personal jurisdiction over a defendant consistent with due process only if she or he has 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Ninth Circuit has established a three-prong test for analyzing a claim of specific jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) The claim must be one which arises out of or relates to the defendant's forum-related activities and;

(3) The exercise of jurisdiction must comport with fair play and substantial justice, that is, it must be reasonable.
*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

The plaintiff bears the burden of satisfying the first two prongs, after which the burden shifts to the defendant to "present a compelling case" that the exercise of

2

jurisdiction in Nevada would not be reasonable. *Bancroft & Masters v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

Factual Background

In April 2007, Harfouche, currently a resident of New York, entered a contract with Wehbe, a resident of Beirut, Lebanon (#1, ¶¶ 4, 7, & 12). Harfouche agreed to organize and promote a nine-city tour of the United States and Canada, which Wehbe would headline (#1, ¶ 12). The tour was to run from October 10, 2007, through November 30, 2007, and included a performance in Las Vegas, Nevada (#1, ¶ 14). Harfouche alleges that after he expended significant expenses to prepare for the tour, and after Wehbe began to tour in Canada pursuant to the contract, Wehbe breached their contract by performing in an entirely separate tour in lieu of completing the tour as contracted for with Harfouche (#1, ¶ 17-18).

In 2010, Harfouche filed a similar complaint against Wehbe in the United States District Court for the District of New Jersey, as he was a resident of New Jersey at the time the contract was signed. That complaint was subsequently dismissed for lack of personal jurisdiction. *Harfouche v. Wehbe*, 950 F. Supp. 2d 766 (D. N. J. 2013). Harfouche thereafter filed the instant complaint in Nevada.

Analysis

The Court finds that it has personal jurisdiction over the defendant in this case. The first prong requires that Wehbe "purposefully direct [her] activities" towards Nevada. According to the Ninth Circuit, "in contract cases, we typically inquire whether a defendant 'purposefully avails itself of the privilege of conducting activities' or 'consummates a transaction' in the forum, focusing on activities such as delivering goods or executing a contract." *Schwarzenegger*, 374 F.3d at 802. Here, Harfouche alleges that Wehbe contractually agreed to perform in Las Vegas. This allegation is sufficient. Of particular note, in dismissing the complaint in New Jersey, that court specifically stated that the

complaint was dismissed because "none of the concerts were scheduled to take place in New Jersey" *Harfouche* 950 F. Supp. 2d. at 772.

Wehbe relies on *Gray & Co. V. Firstenberg Mach. Co., Inc.,* 913 F.2d 758 (9th Cir. 1990) for the proposition that the existence of a contract does not, in and of itself, grant personal jurisdiction to a district (#57, 6). This is a broad reading of *Gray*. Rather, *Gray* states that "[a] contract *alone* does not automatically establish the requisite minimum contacts." *Gray* 913 F.2d at 760 (emphasis added). "Prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing are the factors to be considered." *Id.* citing *Burger King Corp. V. Rudzewicz*, 471 U.S. 462, 479 (1985) (internal quotations omitted).

In *Gray*, the Ninth Circuit held that specific jurisdiction did not exist where the parties had no prior relationship, the "contract" in question consisted of no more than a few phone conversations, and the contract did not contemplate a future relationship. In the instant complaint, by contrast, Harfouche and Wehbe began a relationship that included multiple negotiation periods and resulted in a complex, written contract. Whereas the contract in *Gray* consisted of a single transaction, the instant contract envisioned an ongoing relationship and a series of events, some of which Wehbe fulfilled prior to her alleged breach. Moreover, while the Ninth Circuit noted in *Gray* that the defendant corporations had no other contact with the jurisdiction at issue, Wehbe has contracted to perform, and has actually performed, in Las Vegas in the years following the alleged breach of contract. Finally, while the contract in *Gray* consisted of a few phone calls, the instant contract

includes specific provisions contemplating jurisdiction in U.S. district court.[1]  The Court therefore finds that Wehbe has purposefully availed herself of this jurisdiction.

Regarding the second prong, the Ninth Circuit "follows the 'but for' test." *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007).  Resolution of this prong is clear: but for Wehbe's alleged contractual breach relating to her performances, including the Las Vegas performance, Harfouche would not have been injured.

Finally, having decided the first two prongs in the plaintiff's favor, the burden shifts to the defendant to "'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802.  Wehbe's motion to dismiss fails to do this.  Wehbe cites *FDIC v. British-American Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987), which presents seven factors to determine the reasonableness of a jurisdiction:

(1) The extent of the defendant's purposeful interjection into the forum state's affairs;

(2) The burden on the defendant of defending in the forum;

(3) The extent of conflict with the sovereignty of the defendant's state;

(4) The forum state's interest in adjudicating the dispute;

(5) The most efficient judicial resolution of the controversy;

(6) The importance of the forum to the plaintiff's interests in convenient and effective relief; and

(7) The existence of an alternative forum.

---

[1] Harfouche argues that Wehbe has waived her right to contest jurisdiction in the United States, because their contract includes the following clause: "Any conflict that may result about interpreting or executing all or some of the items of this contract pertains to specialized courts in Lebanon and the United States of America." As with the District Court for the District of New Jersey, this Court rejects the argument that this clause amounts to a waiver of personal jurisdiction. See *Harfouche* 950 F. Supp. 2d. at 771. Instead, the Court cites this clause solely as a factor in demonstrating that the instant contract was of greater complexity than the oral agreement at issue in *Gray*, including, specifically, the issue of jurisdiction.

5

Without weighing any of these factors, Wehbe's motion to dismiss simply concludes by noting "[T]he exercise of jurisdiction over Defendant Wehbe would not be reasonable . . . Defendant Wehbe's conduct in connection with Nevada is not such that she would reasonably anticipate being haled into court in Nevada" (#52, 9:6-9). In her reply to Harfouche's response to her motion to dismiss, Wehbe briefly applies the factors to her situation. She argues that it would be a heavy burden to defend herself in a country other than Lebanon, where she resides; that much of the evidence remains in Lebanon; and that Nevada "likely has no interest in adjudicating a dispute between two nonresidents over a contract not created in the state" (#57, 8:18-26).

Considering the factors more fully, however, the Court concludes that it would be reasonable to exercise jurisdiction over Wehbe. For example, (1) Wehbe's actions did amount to a "purposeful interjection" into Nevada; (2) the burden on Wehbe of defending in Nevada is equal to the burden she would experience defending anywhere else in the U.S., a possibility envisioned within the contract; (3) because Wehbe is not a U.S. resident, there is no conflict with any other state's jurisdiction; (4) Nevada does have an interest in adjudicating disputes over contracts relating to events set to occur within the state; (5) dismissing the claim at this juncture would be highly inefficient for the parties involved, and because the evidence remains outside the country, no other U.S. jurisdiction would be particularly more efficient; (6) having been rebuffed by the first jurisdiction sought, the Court presumes Harfouche believes Nevada protects his "interests in convenient and effective relief;" and (7) because the contract was executed in Lebanon, jurisdiction in any U.S. District Court would of necessity be on similar grounds, and there is therefore no clearly superior alternative.

Accordingly,

THE COURT **DECLINES** to adopt the Magistrate Judge's Report and Recommendation (#48).

THE COURT **ORDERS** that Defendant Joseph Rahi's unopposed Motion to Dismiss (#56) is GRANTED.

THE COURT **FURTHER ORDERS** that Defendant Wehbe's Motion to Dismiss for Lack of Personal Jurisdiction (#52) is DENIED.

DATED this  18  day of July, 2014.

_____
Lloyd D. George
United States District Judge