MARC A. KARLIN, ESQ.  Cal. SBN 137558
**KARLIN & KARLIN**
A Professional Law Corporation
3701 Wilshire Boulevard, Suite 1035
Los Angeles, California  90010
Telephone:    (213) 365-1555
Facsimile:    (213) 383-1166
E-mail:        mkarlin@karlaw.com
*Pro Hac Vice*

CHRIS RASMUSSEN, ESQ.
**RASMUSSEN & KANG**
330 S. Third Street, Suite 1010
Las Vegas, NV 89101
Telephone:    (702) 464-6007
Facsimile:    (702) 464-6009
E-mail:        chris@rasmussenkang.com

*ATTORNEYS FOR DEFENDANT*
*HAIFA WEHBE*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELIE HARFOUCHE, | CASE NO.: 2:13-cv-00615-LDG-NJK |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION** |
| vs. | |
| HAIFA WEHBE, YOUSSEF HARB, STARS ON TOUR, INC., MAROUN ABIAAD, LA VEDETTE PRODUCTIONS, INC., and JOSEPH RAHI, | AS AMMENDED ON PAGE 6. |
| Defendants. | |

–1–

Plaintiff Elie Harfouche and Defendant Haifa Wehbe, by and through their respective attorneys of record, hereby submit the following Stipulation and (Proposed) Protective Order Re Confidential Information.

The discovery and pretrial phase of this action may involve disclosure of confidential financial information, trade secrets and other proprietary information. The parties stipulate that the Court may enter the following order under Rule 26(c), *Federal Rules of Civil Procedure*, and the Court has found good cause exists for the issuance of an appropriately tailored order.

**1.  Proceedings and Information Governed**. This Order will govern the disclosure of "Discovery Material" (i.e., information of any kind provided in the course of discovery) that has been designated "confidential" pursuant to the terms of this Order. The information protected includes, but is not limited to, responses to requests to produce documents or other things; responses to interrogatories; responses to requests for admissions; deposition testimony and exhibits; and all copies, extracts, summaries, compilations, designations, and portions of the foregoing. The order does not govern proceedings during trial, nor does it prohibit either party from seeking a protective order to govern proceedings during trial.

**2.  Confidential Information Defined**. For the purposes of this Order, "Confidential Discovery Material" will mean all Discovery Material that:

(a) A producing party (plaintiff, defendant, counter complainant or counter-defendant) reasonably believes to constitute or contain previously non-disclosed trade secrets or other confidential research, development, or commercial information, if disclosed, is likely to cause demonstrable, irreparable harm; or any other category of information hereinafter given "Confidential" status by the Court; and

(b) Has been designated as "Confidential" by the producing party in compliance with this order.

1

2     The restrictions of this order will not apply to any information that:

3          (a) At the time of the disclosure to a Qualified Recipient (as defined in

4  paragraph 5) is in the public domain;

5          (b) After disclosure to a Qualified Recipient becomes part of the public domain

6  as a result of publication not involving a violation of this order;

7          (c) A Qualified Recipient can show was in its possession at the time of

8  disclosure;

9          (d) A Qualified Recipient can show was received by it from a source who

10  obtained the information lawfully and under no obligation of confidentiality to the producing

11  party; or

12          (e) A Qualified Recipient can show was independently developed by it after

13  disclosure.

14

15     **3.     Designation of Confidential Information**. The producing party may designate

16  certain Confidential Discovery Material by stamping or affixing to the physical objects, cover

17  sheets, pleadings or documents a legend that includes the following language:

18

19                    CONFIDENTIAL

20              SUBJECT TO PROTECTIVE ORDER

21          CIVIL ACTION NO. 2:13-cv-00615-LDG-NJK

22

23     For written Discovery Material, the designation of Confidential will be made when the

24  Qualified Recipient (as defined in paragraph 5) is provided a copy of the Discovery Material.  For

25  Discovery Material not reduced to writing that cannot be conveniently designated as set forth in this

26  paragraph, the producing party will designate the Confidential Discovery Material by written notice to

27  the receiving party when the Confidential Discovery Material is produced.

28

1  **4.      Party's Own Discovery Material**. The restrictions on the use of Confidential

2  Discovery Material established by this Order apply only to the use by a party of confidential

3  information received from another party, and shall not restrict a disclosing party from having access

4  to or using its own Discovery Material designated confidential.

5

6  **5.      Persons Authorized to Receive Confidential Discovery Material**. For the purpose of

7  this order, "Qualified Recipient" will mean:

8       (a) The attorneys of record in this action; any attorneys retained by the parties in this action to

9  consult on the litigation; their respective associates, clerks, legal assistants, and stenographic and

10 support personnel; and organizations, and their employees, retained by such attorneys to provide

11 litigation support services in this action;

12      (b) Independent experts and consultants, and their employees, retained in this action by the

13 attorneys of record;

14      (c) The parties, and the officers, directors, managers, members and employees of a party;

15      (d) A person who is the author or addressee or recipient of the Confidential Discovery

16      Material; and

17      (e) Other persons who may be later designated by written agreement of all parties in this

18 action or by order of the Court.

19

20 **6.      Removal**.  A party may challenge the designation of "Confidential" by  giving counsel

21 for the designating party written notice of its objection, supported by reasons therefor, specifying the

22 items of Confidential Discovery Material being challenged.  The parties will confer to attempt to

23 resolve the objection, but if the parties cannot resolve the objection within five (5) business days after

24 actual receipt of the written objection, the producing party will have an additional ten (10) business

25 days from the meet and confer to file and serve the receiving party with a motion for a further

26 protective order from the Court.

27

28

**7.      Use of Confidential Discovery Material**.  Any Confidential Discovery Material will be handled by the receiving party in accordance with the terms of this Order.  Confidential Discovery Material will be held in confidence by each receiving party, will be used by each receiving party for purposes of this action only and not for any business or any other purpose unless agreed to in writing by all parties to this action or as authorized by further order of the Court, and will not be disclosed to any person who is not a qualified recipient, except as provided in this Order. All Confidential Discovery Material will be maintained to preclude access by persons who are not qualified recipients.

**8.      Copies of Confidential Discovery Material.**  Confidential Discovery Material will not be copied or otherwise reproduced by a receiving party, except for transmission to Qualified Recipients, without the written permission of the producing party or by further order of the Court. Nothing in this order will restrict a qualified recipient from making working copies, abstracts, digests, and analyses of Confidential Discovery Material for use in connection with this action. All working copies, abstracts, digests, and analyses will be treated as Confidential Discovery Material under the terms of this Order.

**9.      Transmission of Confidential Discovery Material**.  Nothing in this order will prohibit the transmission or communication of Confidential Discovery Material between or among Qualified Recipients:

(a)  By hand delivery;

(b)  By face-to-face conference;

(c)  In sealed envelopes or containers via the mails or an established freight, delivery, or messenger service; or

(d)  By telephone, telegram, facsimile or other electronic transmission system if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a Qualified Recipient.

1    **10.    Disclosure to Experts, Consultants, and Other Persons**.    In the preparation for trial

2  of this action, if a Qualified Recipient finds it necessary to disclose a producing party's

3  Confidential Discovery Material to an independent technical or business expert, consultant, or any

4  other person retained by the Qualified Recipient or its attorneys to assist in this action, the Qualified

5  Recipient will see to it that such person complies with Paragraph 12 below.

6

7    ~~**11.    Court Procedures**.  Pleadings that contain or annex Confidential Discovery Material~~

8  ~~will be filed in sealed envelopes on which will be endorsed the title of the action to which it pertains,~~

9  ~~an indication of the nature of the contents of the sealed envelope or other container, the word~~

10  ~~"CONFIDENTIAL," and a statement substantially in the following form: "This envelope is sealed~~

11  ~~under order of the Court, contains confidential information, and may not be opened nor the contents~~

12  ~~revealed except by order of the Court." Any court hearing what refers to or describes Confidential~~

13  ~~Discovery Material will be held *in camera* at the Court's discretion. The manner of presentation and~~

14  ~~use of Confidential Discovery Material at trial will be addressed in the pretrial conference order, or~~

15  ~~other appropriate court order.~~

16

17    **12.    Testimony**.  Any person may be interviewed and examined as a witness at depositions

18  and may testify concerning all Confidential Discovery Material of which the person has prior

19  knowledge. ~~If an interview or examination concerns Confidential Discovery Material, the producing~~

20  ~~party will have the right to exclude from the portion of the examination or interview concerning the~~

21  ~~Confidential Discovery Material any person other than the witness, the witness's attorney(s), and~~

22  ~~Qualified Recipients of the Confidential Discovery Material.~~

23

24    **13.    Subpoenas**.  If any third-party having possession, custody, or control of any

25  Confidential Discovery Material receives a subpoena or other process or order to produce

26  Confidential Discovery Material,  he, she or it will promptly:

27    (a)    Notify in writing the attorneys of record of the party claiming Confidentiality of the

28    Confidential Discovery Material sought by the subpoena or other process or other order;

–6–

(b)      Furnish those attorneys with a copy of the subpoena or other process or order; and

(c)      Provide reasonable cooperation with respect to any procedure to protect the Confidential Discovery Material sought to be pursued by the party whose interests may be affected.

If the party asserting Confidentiality makes a motion to quash or modify the subpoena, process, or order, there will be no disclosure of the Confidential Discovery Material objected to under the subpoena, process, or order until the Court has ruled on the motion, and then only in accordance with the ruling. If no motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order will be entitled to comply with it if the third-party has fulfilled his, her or its notice obligations under this Order.

**14.    No Waiver.**  The taking of, or the failure to take, any action to enforce the provisions of this Order, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Order, of any claim or defense in this action or any other action, including but not limited to, any claim or defense that any information:

(a)      Is or is not relevant, material, or otherwise discoverable;

(b)      Is or is not confidential or proprietary to any party;

(c)      Is or is not entitled to particular protection; or

(d)      Embodies or does not embody Confidential Discovery Material.

In making this claim or defense, the party must comply with the procedures described in this Order.  This Order is entered without prejudice to the right of any party to apply to the Court at any time to relax or rescind the restrictions of this Order, as convenience or necessity requires. The procedures set forth in this Order will not affect the rights of the parties to object to discovery on grounds other than those related to Confidentiality as described in this Order, nor will they relieve a party of the necessity of proper response to discovery devices.

**15.    No Probative Value**. This Order will not abrogate or diminish any contractual, statutory, or other legal obligations or right of any party or person with respect to any Confidential Discovery Material.  The fact that Discovery Material is designated as Confidential under this Order will not be considered to be determinative of what a trier of fact may determine to be Confidential or proprietary.

Absent a stipulation of all parties or Order of the Court, the fact that Discovery Material has been designated as Confidential under this Order will not be admissible during the trial of this action, nor will the jury be advised of this designation.

**16.    Return of Confidential Discovery Material**.  Within 30 days of the conclusion of this action, all Confidential Discovery Material and all copies thereof will:

(a)    Be delivered to the producing party; or

(b)    Be destroyed, in which event counsel will give an affirmation of the destruction to opposing counsel.

**17.    Court's Jurisdiction.**  The Court retains jurisdiction to make amendments, modifications, deletions, and additions to this Order as the Court from time to time considers appropriate. The provisions of this Order regarding the use or disclosure of Confidential Discovery Material will survive the termination of this action, and the Court will retain jurisdiction with respect to the enforcement of this Order, including the imposition of sanctions for any contempt hereof.

//
//
//
//
//
//
//

**18.**     **Notices**.  Any of the notice requirements in this order may be waived, in whole or in part, but only a writing signed by the attorney of record for the party against whom such waiver sought will be effective.

Date:  September 1, 2015

                                                     KARLIN & KARLIN
A PROFESSIONAL LAW CORP.

                                                      /s/ Marc Karlin
By,
MARC A. KARLIN
3701 Wilshire Blvd., Suite 1035
Los Angeles, CA 90010
*Attorneys for Defendant Haifa Wehbe*

Date:  September 1, 2015

                                            BALLON STOLL BADER & NADLER, P.C.

                                                /s/ Courtney A. DeBlis
By,
COURTNEY A. DEBLIS
729 Seventh Ave., 17th Floor
New York, NY 10019
*Attorneys for Plaintiff Elie Harfouche*

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

Date:   September 2, 2015