UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| ELIE HARFOUCHE, | ) | |
| Plaintiff, | ) | 2:13-cv-00615-LDG-NJK |
| vs. | ) | |
| STARS ON TOUR, INC., et al. | ) | **O R D E R** |
| Defendants. | ) | (Docket No. 111) |

Pending before the Court is Plaintiff's Motion for Discovery Sanctions. Docket No. 111. The Court has considered Plaintiff's Motion, Defendant Webhe's Response, and Plaintiff's Reply. Docket Nos. 111, 112, 113. The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-2.

**I.    BACKGROUND**

This is a breach of contract action arising out of a performance contract between the parties. *See* Docket No. 1-2. According to the Complaint, the parties entered into a contract, and a subsequent Addendum, wherein Plaintiff would "organize and promote a nine-city tour of the United States and Canada with Defendant [Webhe] as the main and headlining act." *Id*. at ¶¶ 12, 13. Plaintiff alleges that, after he had performed as required under the contract, Defendant "failed, neglected and refused to perform" her contractual obligations by failing to appear and perform at any of the concert dates in the United States, causing Plaintiff to incur damages. *Id.* at ¶ 17.

On May 20, 2015, Plaintiff filed a motion to compel discovery. Docket No. 84. Defendant responded to the motion, and Plaintiff replied. Docket Nos. 88, 91. On August 13, 2015, the Court held a hearing on Plaintiff's motion. Docket No. 102. After hearing the arguments of the parties, the Court granted the motion in part and denied it in part. *Id*. In the portion of that order relevant

1  to the instant motion, the Court ordered Defendant to conduct a diligent search with regard to certain
2  documents that had been discussed in Defendant's deposition and requested by Plaintiff, and to
3  thereafter certify that a diligent search had been conducted, what that search entailed, and whether
4  any responsive documents were found regarding the documents at issue. *Id*.

5        On December 4, 2015, Plaintiff filed the instant motion for sanctions. Docket No. 111.
6  Plaintiff asks the Court to impose sanctions on Defendant for spoliation of the documents at issue
7  in the motion to compel. *Id*. at 2. Plaintiff submits that, on March 9, 2015, his counsel took
8  Defendant's deposition and, thereafter, served Defendant with a request for the production of
9  documents identified during that deposition. *Id*. at 4. Plaintiff submits that Defendant produced only
10 one document, the Agreement between the parties, in response to this request. *Id*. Plaintiff further
11 submits that, after the Court's ruling on his motion to compel those documents, Defendant submitted
12 a certificate of compliance certifying that a search had been conducted by Defendant and her
13 Lebanese counsel and that none of the requested items was located during that search. *Id*. at 5.
14 Defendant further certified that, during 2006-2008, she had an assistant who worked for her and that,
15 when she terminated this assistant's employment in 2008, the assistant deleted all records of her
16 work with Defendant. *Id*. at 5-6. Plaintiff appears to assert that this deletion constitutes
17 "Defendant's destruction of all pertinent documents that were once in her possession," and asks the
18 Court to impose spoliation sanctions against her. *Id*. at 6.

19       In response, Defendant submits that the initial complaint in this action was filed on October
20 8, 2010, in New Jersey. Docket No. 112 at 3. After Defendant filed a motion to dismiss that action,
21 the instant action was filed in this Court on April 10, 2013. *Id*. Defendant submits that "[n]o
22 evidence has been presented that [Plaintiff] transmitted to [Defendant] as settlement demand or notice
23 of his intent to pursue legal claims against her in the U.S. prior to the filing of his complaint in the
24 New Jersey action in October 2010 - three years after [Defendant's] last concert" under the
25 agreement at issue. *Id*. Defendant further submits that, at her March 9, 2015, deposition, she and
26 her counsel stated that she would search her office in Beirut "for additional, non-privileged
27 responsive documents that were generated between 2006 and 2008." *Id*. Defendant contends that
28 she never made any representation that she possessed any additional responsive documents, or that

- 2 -

1  any additional responsive documents were in her custody or control. *Id.* at 3-4. After her deposition,
2  Defendant submits that her counsel informed Plaintiff's counsel that she had been unable to locate
3  any further responsive documents from the period of 2006 to 2008. *Id*. at 4. Defendant contends
4  that, though she never admitted to possessing the documents at issue, even if the Court assumes that
5  she did possess them at one time, the elemonets of spoliation have not been met. *Id*. at 5. Defendant
6  therefore asks the Court to deny Plaintiff's motion and permit Defendant leave to seek an award of
7  fees and costs. *Id*. at 6.

8  In reply, Plaintiff submits that he is not required to prove bad faith existed during the
9  destruction of evidence and again contends that Plaintiff possessed the documents either prior to or
10 during the onset of the instant litigation. Docket No. 113 at 3. In support of his argument, Plaintiff
11 cites to the Court's ruling requiring Defendant to conduct a diligent search for the documents and
12 to certify as to the search. *Id*. Plaintiff states that, "[e]vidently, the Court believed the transcript
13 testimony as well as the testimony of Defendant's counsel at oral argument indicated the existence
14 of such documents, otherwise an order to search for these documents would not have been made."
15 *Id*. Finally, Plaintiff argues that Defendant's alleged breach of the contract at issue triggered the duty
16 to preserve relevant documents. *Id*. at 4.

17 **II.    ANALYSIS**

18 Spoliation of evidence is defined as "the destruction or significant alteration of evidence, or
19 the failure to preserve property for another's use as evidence in pending or reasonably foreseeable
20 litigation." *United States v. Kitsap Physicians Service*, 314 F.3d 995, 1001 (9th Cir. 2002).
21 "[Parties] engage in spoliation of documents as a matter of law only if they had 'some notice that the
22 documents were potentially relevant' to the litigation before they were destroyed." *Id*. Therefore,
23 the duty to preserve begins when a party reasonably should have known that the evidence is relevant
24 to anticipated litigation. *See In re Napster*, 462 F.Supp.2d 1060, 1067 (N.D.Cal. 2006). Moreover,
25 a spoliation remedy requires some degree of culpability. *Id*. at 1078. Specifically, prior to imposing
26 sanctions, the court must first make a finding of fault. *Holiday v. Am. Cas. Co. of Reading, PA*, 2013
27 WL 1955561 (D. Nev. May 10, 2013) (*citing Silvestri v. General Motors Corporation,* 271 F.3d 583,
28 590 (4th Cir. 2001)). Then, the court should fashion a remedy which serves "the prophylactic,

1  punitive, and remedial rationales underlying the spoilation doctrine." *Id*. (*quoting West v. Goodyear*
2  *Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir.1999)).

3        Two sources of authority exist under which the Court can sanction a party for spoliation of
4  evidence - the Court's inherent authority or Rule 37. *Leon v. IDX Systems Corp.*, 464 F.3d 951, 958
5  (9th Cir. 2006). Additionally, the Court applies federal law when addressing issues of spoliation of
6  evidence. *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). The Court has "inherent
7  discretionary power to make appropriate evidentiary rulings in response to the destruction or
8  spoliation of relevant evidence. *Id*. Courts may sanction parties responsible for spoliation of
9  evidence in three ways. First, a court can instruct the jury that it may draw an adverse inference to
10  the party or witness responsible for destroying the evidence. *See id*. Second, a court can exclude
11  witness testimony based upon the destroyed evidence and proferred by the party responsible for
12  destroying the evidence. *Id*. Third, the court can dismiss the claim of the party responsible for
13  destroying the evidence. Dismissal, however, is only appropriate where "a party has engaged
14  deliberately in deceptive practices that undermine the integrity of judicial proceedings." *Leon v. IDX*
15  *Systems Corp.,* 464 F.3d 951, 958 (9th Cir, 2006) (*citing Anheuser-Busch, Inc. v. Natural Beverage*
16  *Distributors,* 69 F.3d 337, 348 (9th Cir. 1995). Before imposing the "harsh sanction" of dismissal,
17  a court must consider the following factors: (a) the public's interest in expeditious resolution of
18  litigation; (b) the court's need to manager its dockets; (c) the risk of prejudice to the party seeking
19  sanctions; (d) the public policy favoring disposition of cases on their merits; and (e) the availability
20  of less drastic sanctions. *See Leon,* 464 F.3d at 958 (*citing Anheuser-Busch*, 69 F.3d at 348).

21        Finally, the court may award sanctions in the form of attorneys' fees against a party or
22  counsel who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 961. Before
23  awarding such sanctions, however, a court must make an express finding that the sanctioned party's
24  behavior amounted to "bad faith." *Id.* A party "demonstrates bad faith by delaying or disrupting the
25  litigation or hampering enforcement of a court order." *Id.* Where the court finds a party has acted
26  in bad faith, any award of attorneys' fees must be reasonable. *Id.*

27  . . . .

28  . . . .

1    The party seeking spoliation sanctions has the burden of establishing the elements of a
2 spoliation claim. *Reinsdorf v. Skechers U.S.A., Inc.,* 296 F.R.D. 604, 626 (C.D. Cal. 2013). The
3 party seeking sanctions based on the spoliation of evidence must establish that: (1) the party having
4 control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the
5 evidence was destroyed with a culpable state of mind; and (3) the evidence was relevant to the
6 party's claim or defense such that a reasonable trier of fact could find that it would support that claim
7 or defense. *Id*. *See also In re Napster*, 462 F.Supp.2d at 1078. The threshold inquiry, of course, is
8 whether or not evidence was actually altered or destroyed.

9    "After considering these factors, a court must then consider all available sanctions and
10 determine the appropriate one." *Apple I,* 881 F.Supp.2d at 1138. The party seeking spoliation
11 sanctions has the burden of establishing the elements of a spoliation claim. *Reinsdorf*, 296 F.R.D.
12 at 626; *Centrifugal Force, Inc. v. Softnet Communication, Inc.*, 783 F.Supp.2d 736, 740 (S.D.N.Y.
13 2011).

14    The mere fact that evidence has been altered or destroyed "does not necessarily mean that
15 the party has engaged in sanction-worthy spoliation." *Ashton v. Knight Transp., Inc.*, 772 F.Supp.2d
16 772, 799–800 (N.D.Tex.2011). While destruction of evidence need not be in bad faith to warrant
17 imposition of sanctions, a party's motive or degree of fault in destroying evidence is relevant to what
18 sanction, if any, is imposed. Courts should choose the least onerous sanction corresponding to the
19 willfulness of the destructive act and the prejudice suffered by the other party. *In re Napster*, 462
20 F.Supp.2d at 1066.

21    Here, the Court finds that Plaintiff has not carried his burden of proving that spoliation
22 occurred. Plaintiff has failed to establish the first element required for spoliation - that Defendant
23 had possession or control over the documents at issue and had an obligation to preserve them at the
24 time they were destroyed. Plaintiff relies upon Defendant's deposition testimony to establish that
25 she once possessed the documents at issue; however, he fails to attach the testimony to his motion.
26 *See* Docket No. 111. Though it is Plaintiff's burden to prove the elements of spoliation, the Court
27 has re-read the deposition excerpts attached to Defendant's response to Plaintiff's motion to compel,
28 Docket No. 88-6, and cannot find any example of Defendant admitting to possessing the documents.

1  Finally, Plaintiff appears to rely on the Court's ruling on his motion to compel to establish that
2  Defendant possessed the documents: "[e]vidently, the Court believed the transcript testimony as
3  well as the testimony of Defendant's counsel at oral argument indicated the existence of such
4  documents, otherwise an order to search for these documents would not have been made." Docket
5  No. 113 at 3. This reliance, however, is misplaced. Where a party asserts that it does not have
6  responsive documents, the party should "state with sufficient specificity to allow the court to
7  determine whether the party made a reasonable inquiry and exercised due diligence." *Rogers v.*
8  *Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012). "Information regarding the search conducted
9  should be provided through declarations under oath detailing the nature of the efforts to locate
10 responsive documents." *F.D.I.C. v. 26 Flamingo, LLC*, at *3 (D. Nev. Aug. 1, 2013). The Court's
11 order made no finding as to whether responsive documents existed - it simply required Defendant
12 to comply with applicable caselaw. Docket No. 102.

13 Additionally, the Court rejects Plaintiff's argument that the duty to preserve arose at the time
14 of Defendant's alleged breach of the contract. The duty to preserve evidence attaches when a party
15 should have known that the evidence may be relevant to future litigation. *In re Napster*, 462
16 F.Supp.2d at 1068. The future litigation must be probable, which has been held to mean more than
17 a possibility. *Id*. The Court finds that future litigation was not probable to the extent that the duty
18 to preserve arose in 2007, when the concert appearances did not occur, particularly considering that
19 Defendant believed the amended contract required a joint performance, which could not occur due
20 to the lack of an immigration visa for Mr. Alama. Docket No. 112 at 2. Plaintiff has presented no
21 argument or evidence that he placed Defendant on notice of the probability of future litigation
22 regarding the contract until he filed his initial lawsuit in New Jersey. Therefore, the Court finds that
23 the duty to preserve arose on October 8, 2010, when the initial lawsuit was filed in New Jersey.
24 Even assuming that the documents at issue ever existed, which the Court does not, they appear to
25 have been destroyed in 2008 when Defendant terminated her assistant's employment. This date
26 occurred well before Defendant knew or should have known of the probability of litigation.
27 . . . .
28 . . . .

- 6 -

1  In looking at the remaining elements of spoliation, the Court finds that Plaintiff has failed to establish that the documents, if they existed, were destroyed with a culpable state of mind. Plaintiff appears to rely upon the fact that, if Defendant's assistant destroyed the documents, she did so willfully and therefore her culpable state of mind is somehow attributed to Defendant. Plaintiff cites no authority in support of this contention, and the Court does not agree that the state of mind of an apparently disgruntled employee can be attributed to Defendant for this purpose. Finally, Plaintiff has failed to show that the documents, if they existed, were relevant to his claim or defense such that a reasonable trier of fact could find that they would support that claim or defense.

### III.  CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion for Spoliation Sanctions, Docket No. 111, is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's request for attorneys' fees is **DENIED**.

IT IS FURTHER ORDERED that Defendant's request for attorneys' fees is **DENIED**.

DATED: January 5, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge