# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ELIE HARFOUCHE,

    Plaintiff,

v.

HAIFA WEHBE, *et al.*,

    Defendants.

Case No. 2:13-cv-00615-LDG (NJK)

**ORDER**

The plaintiff, Elie Harfouche, brought this action against defendant Haifa Wehbe alleging that she breached an agreement to perform concerts in the various locations in the United States that he would produce.[1] He has further sought damages alleging that "Wehbe unjustly enriched herself by not complying with the terms and conditions of the Contract between her and plaintiff while benefiting [sic] from the Contract." Wehbe moves for summary judgment (#86), which motion Harfouche opposes.

---

[1] While Wehbe's role as performer is clear, Harfouche's role is not as readily summarized from the agreement. For brevity, the Court will refer to Harfouche as a "producer" of the concert tour.

Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.*, at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the

2

moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.,* at 325.  Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

  Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact.  Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).  As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The allegations or denials of a pleading, however, will not defeat a well-founded motion.  Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

  "It is well-settled that in diversity cases federal courts must apply the choice-of-law rules of the forum state." *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 (9th Cir. 1987.)  For a plaintiff to succeed on a breach of contract action in Nevada, the following four elements must be proven: (1) the formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and, (4) damages.  *Bernard v. Rockhill Dev. Co.*, 103 Nev. 132, 734 P.2d 1238, 1240 (Nev. 1987).  It is elementary contract law that a material breach by one party to the contract may excuse further performance by another party. *Crockett & Myers v. Napier,*

*Fitzgerald & Kirby*, 440 F.Supp.2d 1184, 1193 (D.Nev. 2006). "If there is anything well settled, it is that the party who commits the first breach of the contract cannot maintain an action against the other for subsequent failure to perform. *Bradley v. Nev.-Cal.-Ore. Ry*, 178 P. 906, 908-09 (Nev. 1919).

In April 2006, Wehbe and Harfouche entered into a contract in which Wehbe agreed to perform concerts with Walid Tawfik[2] in a tour that would last eighteen days and visit four states. In April 2007, Wehbe and Harfouche amended the contract. The parties indicated that the tour would be re-scheduled to occur between October 10 and November 30, 2007, with "(6) scheduled performance dates in USA and (3) Performance [sic] dates in Canada (St Francisco [sic], Venetian casino in las [sic] vegas, Detroit, NY, Miami Florida, Houston Texas. Admen ten [sic]. Toronto. Montreal." The amended agreement further provides that Wehbe "[a]ccompanies the singer Ragheb Alame on the same performances."[3]

Wehbe argues that, pursuant to the amended agreement, she agreed to perform nine concerts with Alame. She asserts, however, that Harfouche acknowledged that he could not obtain a visa for Alame to perform in the United States just prior to the tour. As a result, Harfouche purchased tickets for her to travel from Lebanon to Canada and from Canada back to Lebanon. Wehbe and Alame only performed the three concerts in Canada. As Alame could not enter the United States, they did not perform any of the concerts in the United States.

Harfouche counters that the amended agreement provided him with the flexibility of determining whether Wehbe would perform with Alame or Tawfic, citing the following language:

---

[2] The documents submitted by the parties variously spell the name as Tawfic and Toufic.

[3] The documents submitted by the parties variously spell the name as Alame and Alama.

4

> [Wehbe] has agreed to grant permission to Elie Harfouche to deal and/or sell performance to any Entertainment Company . . . and/or accompanies the singer Walid Toufic on the same performance on the agreed upon date(s).

The language cited by Harfouche, however, omits a phrase. Stated in full, the paragraph of the amended agreement provides (with the previously omitted phrases underlined for clarity):

> [Wehbe] has agreed to grant permission to Elie Harfouche to deal and/or sell performance to any Entertainment Company <u>without Mr. Minasa Abi Nader present</u>, and/or accompanies the singer Walid Toufic on the same performance on the agreed upon date(s). <u>[Wehbe] has agreed to reduce the price of all performances in the USA to 30,000 USD for each of the six performances and 20,000USD for each of the three performances in CANADA.</u>"

The language cited by Harfouche does not support his interpretation of the contract that he had discretion to book concerts for Wehbe with either Alame <u>or</u> Tawfic. The context of the entire paragraph referenced by Harfouche indicates that it concerns modifications of the original contract. The original contract provided that Wehbe's tour would be sponsored by Nader. The paragraph in the amended agreement cited by Harfouche indicates such sponsorship was no longer part of the contract. The original contract provided that Harfouche would pay $45,000 to Wehbe for each concert in the United States. The paragraph in the amended agreement cited by Harfouche indicates Wehbe agreed that Harfouche could pay her a reduced amount of money for each of the concerts. Thus, as concerns Tawfic, and in the context of the entire paragraph and the original contract, the most natural reading of the amended contract is that Harfouche no longer had an obligation to book Tawfic for any concert. At a minimum, even assuming that the amended agreement provided Harfouche with discretion to sign Tawfic to perform at any of the proposed concerts, the language upon which Harfouche relies does NOT grant him discretion to decide that Tawfic could perform instead of Alame.

Accordingly, the Court finds that, as amended, the parties agreed that Harfouche would produce a nine-concert series at which Wehbe would perform. Harfouche had the

obligation of producing concerts at six locations in the United States and three locations in Canada at which Alame would also perform. Harfouche was unable to obtain a visa for Alame to perform at any of the concerts in the United States. As a result, Wehbe and Alame met their obligation of performing at the three concerts scheduled for Canada. As Harfouche was unable to arrange for concerts at which Wehbe could perform with Alame in the United States, Wehbe did not breach her obligations under the contract by failing to perform at any concerts in the United States. Therefore,

THE COURT **ORDERS** that Defendant Haifa Wehbe's Motion for Summary Judgment (#86) is GRANTED; The claims of Plaintiff Elie Harfouche against Haifa Wehbe are DISMISSED with prejudice.

THE COURT FURTHER **ORDERS** that Plaintiff's Motion to Stay re. Motion for Summary Judgment (#89) is DENIED as moot.

DATED this 15 day of March, 2016.

Lloyd D. George
United States District Judge

6